# In the United States Court of Federal Claims

**No. 26-419C**
**Filed: October 16, 2026**

* * * * * * * * * * * * * * * * *
**CRAIG A. MARTIN,** *
*
**Plaintiff,** *
**v.** *
*
**UNITED STATES,** *
*
**Defendant.** *
*
* * * * * * * * * * * * * * * * *

**Craig A. Martin**, pro se, Goshen, IN.

**Franklin E. White, Jr.**, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. With him were **Patricia M. McCarthy,** Director, Commercial Litigation Branch and **Brett A. Shumate**, Assistant Attorney General, Civil Division.

## O R D E R

**HORN, J.**

Pro se plaintiff Craig Martin filed his original complaint in the United States Court of Federal Claims, in which he claimed that "income tax is unlawful" in the United States. Plaintiff also stated in his original complaint: "I want all my income back that was taken from me for over 20 year including the time spent doing my taxes."[1] In his original complaint in this court, plaintiff asserted his claim "for 42 U.S. Code 1983 Civil action for deprivation of Rights. Aganst Indiana state income tax because on March 5 1985 a charge of tax evasion was filed in U.S. District Court in Indianapolis." In response to plaintiff's original complaint, defendant moved to dismiss plaintiff's claims pursuant to Rule 12(b)(1) (2025) of the Rules of the United States Court of Federal Claims (RCFC) for lack of subject matter jurisdiction. Thereafter, plaintiff filed an amended complaint within the permissible time, and his amended complaint currently opposes income taxation based on the Fifth and Thirteenth Amendments to the United States Constitution. Plaintiff does not assert a claim pursuant to 42 U.S.C. § 1983 (2024) in his amended complaint. Defendant now again moves to dismiss plaintiff's amended complaint pursuant to RCFC

[1] The court notes that plaintiff's original complaint was handwritten. Capitalization, grammar, punctuation, abbreviations, spelling, emphasis, and choice of words when quoted in this Order are as they originally appear in plaintiff's submissions to this court.

12(b)(1) for lack of subject matter jurisdiction and RCFC 12(b)(6) for failure to state a claim upon which relief can be granted.[2]

Throughout his original complaint, plaintiff made numerous references to multiple alleged legal principles and historical events in an attempt to support his challenge to the existence of income taxes, and his assertion that he should not have to pay such taxes. The relevance to the current case under review in this court, or the correctness of such references by plaintiff, is often not clear from the submissions plaintiff filed. Plaintiff's handwritten original complaint stated:

> Artcle XVI Says Congress shall collect tax on income from several states and without regard to any census meaning the popultion! That means the States are responsable to pay Congress for United States Union an not the people! because the 16 Amendment without regarding the people or census! In 2014 Supreme Court Declared income tax was unconstitutional an to be null an void! Eighteen states income tax has come up for a vote seven times Since that Supreme Court decision. Every time, Voters have rejected it seven times! In March 5 1985 charge of income tax evasion the 16th amendment was only ratified by two states but it requires 36 states to be valid! In 1933 Indiana Governor Paul Menuts instulled state income tax without the people's consent when it was the state's responsibility to pay congress! When taking a ransom for labor from workers it's called human trafficing an the goverment labals it income tax. Over 4 years ago I call Indiana House of Representatives David Abbotl's Office to remove the

[2] After filing his original complaint in this court on March 16, 2026, plaintiff Craig Martin commenced two, apparently, unrelated cases in the United States District Court for the Northern District of Ohio pursuant to 42 U.S.C. § 1983. On April 30, 2026, Mr. Martin filed a handwritten complaint in the United States District Court for the Northern District of Ohio against an Ohio state trooper in which he alleged he was deprived of his rights during a traffic stop and during related plea negotiations. See Complaint, Martin v. Lamarr, Case No. 3:26-cv-01019 (N.D. Ohio Apr. 30, 2026). On May 7, 2026, Mr. Martin filed a supplemental pleading which included a summary of the differences between Article III courts and administrative law courts. Supplement, Martin v. Lamarr, Case No. 3:26-cv-01019 (N.D. Ohio May 7, 2026). Plaintiff includes this same information in his amended complaint in the case currently before the United States Court of Federal Claims. Mr. Martin also filed a second 42 U.S.C. § 1983 claim in the United States District Court for the Northern District of Ohio against Celina Municipal Court, Judge Kathryn Speelman, and Prosecuting Attorney George Moore. See Martin v. Celina Municipal Court, et al., Case No. 3:26-cv-01172 (N.D. Ohio May 20, 2026). In Martin v. Celina Municipal Court, et al., Mr. Martin alleged that he was deprived of his rights throughout the court proceedings related to the aforementioned traffic citation. Both actions in the United States District Court for the Northern District of Ohio are currently stayed pending the conclusion of Mr. Martin's traffic court proceedings in State of Ohio v. Craig A. Martin, Case No. TRD2600143 (Celina Mun. Ct. filed Jan. 22, 2026). See Martin v. Celina Municipal Court, et al., Case No. 3:26-cv-01172 (N.D. Ohio Aug. 12, 2026); Martin v. Lamarr, Case No. 3:26-cv-01019 (N.D. Ohio July 28, 2026).

> unlawful income an thy have not listened. I've told Indiana Department of Revenue that the income tax is unlawful and Kevin gulley incharge is responsable for income tax evasion. No state shall make any thing but gold and silver coin as tender. Since income tax payment in Fed Notes thy have to follow the UCC [Uniform Commercial Code]! Bill of Exchange Act 1882 chapter 61 Part II A bill of exchange is an unconditional order to pay on demand ! UCC § 3-104 Bank notes an bills ; tax bills ; Dollar bill are negotiable instruments and pay the order back to me without recourse! Black law Dictionary Money does not embrace notes or bills! 12 US code § 83 No national bank shall make any loan or discount on the security of the shares of it's own capital stock! That is because thy use my birth certificate as collateral for hundred millions of dollars as live stock! I want all my income back that was taken from me for over 20 year including the time spent doing my taxes. That incliueds tax Levy and ELKHART County Indiana police harassment! Supreme clause Articlc VI says United States Constitution 1776 10 Amendments is the supreme law of the land.

(alteration added). Plaintiff's original complaint continued:

> Restoring the supreme law of the land On June 14 2025 Trump brough all the military groups into Washington Dc in Geen uniform and tanks. Then Trump called the marine; coast Guard; Navy and US Army were sworn into the Constitutional Republic of the United States. Because Washington DC was stolen by King George; Rothchild bankers and Vatican from our founding forefathers after the War of 1812. The United States Constitution is the law of the land so state statutes; interstate commerce and City ordinances as the Corporation is dead to the Constitution. 42 US. Code 1983 Civil action for deprivation of Rights is that the state of Indiana is exploiting me for a ransom for my labor is human traffing me for money is slavery! This includes the IRS with state income tax. Civil action for deprivation of Rights is up to 2 million in damages.

Moreover, although Mr. Martin is the sole plaintiff in the above captioned case, his original complaint claimed "I have other people who want me [plaintiff] to resolve the income tax problems for them also."[3] (alteration added).

After defendant filed its first motion to dismiss plaintiff's original complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) on April 7, 2026, plaintiff repeatedly made attempts to file an amended complaint, which were rejected by the Clerk's Office of the United States Court of Federal Claims for failing to comply with

---

[3] The Rules of the United States Court of Federal Claims provide that a pro se litigant may only represent themselves in the United States Court of Federal Claims. See RCFC 83.1(a)(4) (2026) ("Except as otherwise provided by statute, persons who are not attorneys may represent themselves but may not represent a corporation, an entity, or any other person in any proceeding before this court."). Therefore, in this Order, the court only considers the claims raised by the pro se plaintiff, Mr. Martin, regarding actions including Mr. Martin.

numerous Rules of the United States Court of Federal Claims. Ultimately, cognizant of plaintiff's pro se status, on June 12, 2026, the undersigned granted plaintiff's motion for leave to file plaintiff's amended complaint and concluded defendant's motion to dismiss plaintiff's original complaint was moot in light of the filing of the amended complaint.

Plaintiff's amended complaint was filed on June 12, 2026, which, like his original complaint, challenges his being subjected to having to pay income taxes. Unlike his original complaint, however, which challenged his rights under 42 U.S.C. § 1983, plaintiff's amended complaint asserts his challenges to having to pay income taxes pursuant to the Fifth and Thirteenth Amendments to the United States Constitution. According to plaintiff, his rights were violated pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution because "the imposition of income tax must still comport with the Constitution's due process protections, ensuring every taxpayer receives adequate notice and opportunity to challenge liability," and were also violated under the Takings Clause of the Fifth Amendment to the United States Constitution because

> the imposition of income tax on labor is not a neutral revenue measure; it is a systemic exploitation. By seizing the product of one's labor, the government reaps a benefit from involuntary service. This exploitation of labor, without consent or just compensation, is a taking that is unconstitutional under the Fifth Amendment.

In his amended complaint, plaintiff newly asserts that defendant violated his rights under the Thirteenth Amendment to the United States Constitution because the "practice of taxing labor without adequate due process is not merely a tax on income; it is a covert exploitation of labor, effectively enslaving the individual by depriving them of the fruits of their work." According to plaintiff's amended complaint:

> 5. Plaintiff was subjected to federal income tax enforcement actions by the Internal Revenue Service, including notices, demands for payment, and collection activity.
>
> 6. Plaintiff alleges that such enforcement constituted a taking of private property without just compensation, in violation of the Fifth Amendment to the United States Constitution.
>
> 7. Plaintiff further alleges that IRS enforcement actions were conducted without providing Plaintiff a meaningful opportunity to contest the alleged tax liability prior to enforcement escalation.
>
> 8. Plaintiff alleges that aggressive collection practices, including repeated notices and demands, deprived Plaintiff of procedural due process as guaranteed by the Fifth Amendment.
>
> 9. Plaintiff asserts that forced extraction of earnings through taxation without meaningful procedural safeguards constitutes exploitation of labor and deprivation of constitutional rights.

Plaintiff's amended complaint requests that the court:

> A. Enter judgment in favor of Plaintiff

B. Award compensatory damages in the amount of $2,000,000
C. Award punitive damages
D. Grant injunctive relief preventing further unconstitutional enforcement of tax obligations
E. Award costs and any additional relief deemed appropriate by the Court

On July 2, 2026, defendant filed a new motion to dismiss plaintiff's amended complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) and for failure to state a claim under RCFC 12(b)(6). In its motion to dismiss plaintiff's amended complaint, defendant argues that the court should dismiss plaintiff's amended complaint because

> the Court lacks jurisdiction to consider Mr. Martin's allegations of violations of the Fifth Amendment's Due Process Clause and the Thirteenth Amendment because neither is a money mandating provision of law, and the Court lacks jurisdiction to entertain a Tucker Act tax refund claim because Mr. Martin has not complied with RCFC 9(m), which is a jurisdictional prerequisite for maintaining a Tucker Act tax refund claim.[4] To the extent that the Court interprets Mr. Martin's amended complaint to allege a Fifth Amendment takings claim that is within the jurisdiction of this Court, that claim is not facially plausible and should be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted.

(footnote added).

On August 14, 2026, plaintiff filed a response to defendant's motion to dismiss plaintiff's amended complaint which asserted a number of objections. In his response, plaintiff, without addressing the issues raised in defendant's motion to dismiss plaintiff's amended complaint, states that he "clarifies that this case is not a tax refund claim but a claim for punitive damages" for "the wrongful and unconstitutional acts that deprived him of his property and time." Plaintiff further argues that "the property taken consisted of money collected through IRS [Internal Revenue Service] enforcement actions that Plaintiff contends were unconstitutional. Plaintiff asserts that these collections were accomplished through threatened enforcement, collection notices, demands for payment, and other collection efforts." (alteration added). Plaintiff also states that "any compliance with governmental enforcement actions was undertaken under protest and to avoid further penalties, collection activity, or additional deprivation of property" and that he "does not concede the validity of any governmental claim merely by participating in these proceedings." Defendant filed a reply to plaintiff's response to the motion to dismiss plaintiff's amended complaint on August 24, 2026, reiterating that this court should dismiss plaintiff's amended complaint.

---

[4] The court notes that it does not address the issue of whether plaintiff complied with RCFC 9(m) for purposes of a tax refund claim because, as further addressed in this Order, plaintiff states that he "clarifies that this case is not a tax refund claim but a claim for punitive damages" for "the wrongful and unconstitutional acts that deprived him of his property and time."

## DISCUSSION

The court recognizes that plaintiff in the above captioned case is proceeding pro se. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, a pro se plaintiff is entitled to a more liberal construction of the pro se plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9–10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Jackson v. United States, 143 Fed. Cl. 242, 245 (2019); Diamond v. United States, 115 Fed. Cl. 516, 524 (2014), aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied, 575 U.S. 985 (2015). However, "[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Doiban v. United States, 173 Fed. Cl. 527, 537 (2024); Ali-Bey v. United States, 169 Fed. Cl. 729, 733 (2024), aff'd, No. 2024-1629, 2025 WL 855751 (Fed. Cir. Mar. 19, 2025); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (internal citation omitted) (citing Hughes v. Rowe, 449 U.S. at 9; and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of . . . jurisdictional requirement[s] and set a different rule for pro se litigants only." (omission and alterations added)); Doiban v. United States, 173 Fed. Cl. at 537; Hartman v. United States, 150 Fed. Cl. 794, 796 (2020); Schallmo v. United States, 147 Fed. Cl. 361, 363 (2020); Hale v. United States, 143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met." (alteration added) (citing Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004))); Golden v. United States, 129 Fed. Cl. 630, 637 (2016); Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (first alteration added) (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995))); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

As indicated above, defendant filed a motion to dismiss plaintiff's amended complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) and for failure to state a claim pursuant to RCFC 12(b)(6). When examining what must be pled in order to state a claim, a plaintiff need only state in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(2); see also Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 555 (2007). The United States Supreme Court has stated:

> While a complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid. [Conley v. Gibson, 355 U.S. 41, 47 (1957)]; Sanjuan v. American Bd. Of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely") . . . . [W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim that relief that is plausible on its face.

Bell Atl. Corp. v. Twombly, 550 U.S. at 555–56, 570 (footnote and other citations omitted; omissions in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555–57, 570); Boyd v. United States, 134 F.4th 1348, 1352 (Fed. Cir. 2025); Cotter Corp., N.S.L. v. United States, 127 F.4th 1353, 1366 (Fed. Cir. 2025); First Mortg. Corp. v. United States, 961 F.3d 1331, 1339 (Fed. Cir. 2020); Am. Bankers Ass'n v. United States, 932 F.3d 1375, 1380 (Fed. Cir. 2019); Frankel v. United States, 842 F.3d 1246, 1249 (Fed. Cir. 2016); A & D Auto Sales, Inc. v. United States, 748 F.3d 1142, 1157 (Fed. Cir. 2014); Bell/Heery v. United States, 739 F.3d 1324, 1330 (Fed. Cir.), reh'g and reh'g en banc denied, (Fed. Cir. 2014); Kam-Almaz v. United States, 682 F.3d 1364, 1367-68 (Fed. Cir. 2012) ("The facts as alleged 'must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 557)); Totes-Isotoner Corp. v. United States, 594 F.3d 1346, 1354–55 (Fed. Cir.), cert. denied, 562 U.S. 830 (2010); Bank of Guam v. United States, 578 F.3d 1318, 1326 (Fed. Cir.) ("In order to avoid dismissal for failure to state a claim, the complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 557)), reh'g and reh'g en banc denied (Fed. Cir. 2009), cert. denied, 561 U.S. 1006 (2010); Cambridge v. United States, 558 F.3d 1331, 1335 (Fed. Cir. 2009) ("[A] plaintiff must plead factual allegations that support a facially 'plausible' claim to relief in order to avoid dismissal for failure to state a claim." (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570)); Cary v. United States, 552 F.3d

1373, 1376 (Fed. Cir.) ("The factual allegations must be enough to raise a right to relief above the speculative level. This does not require the plaintiff to set out in detail the facts upon which the claim is based, but enough facts to state a claim to relief that is plausible on its face." (internal reference omitted)), reh'g denied (Fed. Cir.), cert. denied, 557 U.S. 937 (2009); Day v. United States, 176 Fed. Cl. 634, 638 (2025); Villalobos v. United States, 174 Fed. Cl. 741, 745 (2025); Avant Assessment, LLC v. United States, 159 Fed. Cl. 632, 636 (2022) ("As the Supreme Court explained, 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" (quoting Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570))). "It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) 'when the facts asserted by the claimant do not entitle him to a legal remedy.'" Wild v. United States, 162 Fed. Cl. 67, 70–71 (2022) (quoting Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002)).

"'[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002) (alteration added)). "Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing Fanning, Phillips, Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); see also St. Bernard Parish Gov't v. United States, 916 F.3d 987, 992–93 (Fed. Cir. 2019) ("[T]he court must address jurisdictional issues, even sua sponte, whenever those issues come to the court's attention, whether raised by a party or not, and even if the parties affirmatively urge the court to exercise jurisdiction over the case." (citing Foster v. Chatman, 578 U.S. 488, 495 (2016)) (alterations added); Int'l Elec. Tech. Corp. v. Hughes Aircraft Co., 476 F.3d 1329, 1330 (Fed. Cir. 2007); Santini v. United States, 173 Fed. Cl. 724, 726 (2024); Haddad v. United States, 152 Fed. Cl. 1, 16 (2021); Fanelli v. United States, 146 Fed. Cl. 462, 466 (2020).

"[T]he determination of jurisdiction is based only on the allegations in the plaintiff's 'well-pleaded complaint[.]'" Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 26 (2025) (alterations added) (quoting Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9–10 (1983)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. at 9–10), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011).

The Tucker Act, 28 U.S.C. § 1491 (2024), grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289–90 (2009); see also Me. Cmty. Health Options v. United States, 590 U.S. 296, 322 (2020); United States v. Mitchell, 463 U.S. 206, 216 (1983); Sanford Health Plan v. United States, 969 F.3d 1370, 1378 (Fed. Cir. 2020); Alvarado Hosp., LLC v. Price, 868 F.3d 983, 991 (Fed. Cir. 2017); Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999); McCrory v. United States, 174 Fed. Cl. 311, 313 (2024); Gulley v. United States, 150 Fed. Cl. 405, 411 (2020); Kuntz v. United States, 141 Fed. Cl. 713, 717 (2019). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216–17 (omission added); see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); N.Y. & Presbyterian Hosp. v. United States, 881 F.3d 877, 881 (Fed. Cir. 2018); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 571 U.S. 945 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States." (alteration added)); Jan's Helicopter Serv., Inc. v. F.A.A., 525 F.3d 1299, 1306 (Fed. Cir. 2008); Olson v. United States, 152 Fed. Cl. 33, 40–41 (2021); Jackson v. United States, 143 Fed. Cl. at 245. In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is properly lodged in the United States Court of Federal Claims, stating:

> The underlying monetary claims are of three types . . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver . . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605–06,] 372 F.2d [1002,] 1007–08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket' " (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S. [Corp. v. United States], 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. ]Testan, 424 U.S. [392,] 401–02 [(1976)] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or

> retained, the basis of the federal claim—whether it be the Constitution, a statute, or a regulation—does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S. [Corp. v. United States], 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ont. Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004) (alterations and first three omissions added; fourth omission in original); see also Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. at 400); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Cotter Corp., N.S.L. v. United States, 127 F.4th at 1366; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is] simply [a] jurisdictional provision[ ] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)." (alterations added; citations omitted); see also Me. Cmty. Health Options v. United States, 590 U.S. at 322. "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d at 1308 (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); see also N.Y. & Presbyterian Hosp. v. United States, 881 F.3d at 881; Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (noting that the absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act"); Olson v. United States, 152 Fed. Cl. at 41; Downey v. United States, 147 Fed. Cl. 171, 175 (2020) ("And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States." (citations omitted)).

While plaintiff's original complaint asserted a claim under "42 U.S.C. Code 1983 Civil action for deprivation of Rights. Aganst Indiana state income tax," plaintiff's later-filed amended complaint did not reassert such claims and, therefore, they are not considered by the court, pursuant to plaintiff's amended complaint which superseded plaintiff's original complaint. See Mitchell Consulting Servs. Grp. Inc. v. United States, 182 Fed. Cl. 45, 51 (2026) ("'An amended complaint supersedes any previous complaints.'" (quoting Tender Years Learning Corp. v. United States, 128 Fed. Cl. 265, 272 (2016)); Berry v. United States, 159 Fed. Cl. 844, 847 n.1 (2022), aff'd, No. 2022-2031, 2024 WL 852819 (Fed. Cir. Feb. 29, 2024) ("When Plaintiff filed the Amended Complaint, it superseded the original complaint and became the controlling pleading." (citing Smith v. United States,

120 Fed. Cl. at 460)); JG Techs., LLC v. United States, 156 Fed. Cl. 691, 698 n.3 (2021) ("Upon filing, the First Amended Complaint superseded Plaintiff's original complaint and became the controlling pleading."); Hall v. United States, 148 Fed. Cl. 371, 376 (2020) ("'Generally, an amended pleading supersedes the original for all purposes.'" (quoting Nolen v. Lufkin Indus., Inc., 466 Fed. Appx. 895, 898 (Fed. Cir. 2012))).[5]

In his amended complaint, Mr. Martin repeatedly challenges his obligation to pay taxes on his personal income, while also subsequently stating that he "clarifies that this case is not a tax refund claim but a claim for punitive damages." With respect to plaintiff's demand for punitive damages, punitive damages are not available as a form of relief in this court. See Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) (noting that appellants' demand for exemplary damages is beyond the jurisdiction of the United States Court of Federal Claims); Hamlet v. United States, 873 F.2d 1414, 1416 n.3 (Fed. Cir. 1989)("Punitive damages for the alleged violation of Hamlet's First and Fifth Amendment rights are not available under the Tucker Act and this claim was properly dismissed by the Claims Court."); Young v. United States, No. 25-1150C, 2026 WL 2222004, at *6 (Fed. Cl. July 30, 2026) ("Finally, the Court [of Federal Claims] cannot grant punitive damages." (alteration added) (citing Jackson v. United States, 664 F. App'x 922, 925 (Fed. Cir. 2016))); Alston v. United States, 174 Fed. Cl. 177, 185 (2024) ("this Court lacks jurisdiction to award punitive damages" (citing Jackson v. United States, 664 F. App'x 922)); Robinson v. United States, 170 Fed. Cl. 125, 130 (2024) (holding that the United States Court of Federal Claims "may not grant punitive damages" (citing Env't Safety Consultants, Inc. v. United States, 95 Fed. Cl. 77, 98 (2010) (citing 28 U.S.C. § 1491(a)))); Harris v. United States, 135 Fed. Cl. 10, 14 (2017) (citing Greene v. United States, 65 Fed. Cl. 375, 379 (2005) (citing Garner v. United States, 230 Ct. Cl. 941, 943 (1982))); Mastrolia v. United States, 91 Fed. Cl. 369, 382 (2010) ("The United States has not waived sovereign immunity with regard to punitive damages.").

Regardless of the form of relief requested in plaintiff's amended complaint, plaintiff is challenging the government's enforcement of income taxation against him based on a

---

[5] The court notes that even if plaintiff had asserted the claims he raised in his original complaint, but did not raise in his amended complaint currently under review, which he did not, this court lacks jurisdiction over such arguments. Regarding plaintiff's claim in his original complaint against the state of Indiana and its state income taxes, this court lacks jurisdiction because the only proper defendant before the United States Court of Federal Claims is the United States. See 28 U.S.C. § 1491(a)(1) (2024); United States v. Sherwood, 312 U.S. 584, 588 (1941); Jarvis v. United States, 154 Fed. Cl. 712, 717 (2021) ("[I]t is well settled that the United States is the only proper defendant in the Court of Federal Claims.") (alteration added). Moreover, to the extent plaintiff's original complaint raised claims based on 42 U.S.C. § 1983, this court lacks jurisdiction over any such claim. See Pikulin v. United States, 97 Fed. Cl. 71, 77 ("Plaintiff also cites various provisions of the Civil Rights Acts, including § 1981, § 1983, § 1985, and § 1986, as bases for his claim. The court does not possess jurisdiction to entertain claims based on these statutes." (citing Marlin v. United States, 63 Fed. Cl. 475, 476, appeal dismissed, 140 F. App'x 256 (Fed. Cir. 2005), and Anderson v. United States, 22 Cl. Ct. 178, 179 n. 2 (1990), aff'd, 937 F.2d 623 (Fed. Cir. 1991)), appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011)).

series of alleged constitutional violations. To the extent plaintiff alleges violations of the Thirteenth Amendment to the United States Constitution in his amended complaint, it is well-established that the United States Court of Federal Claims does not have jurisdiction because the Thirteenth Amendment is not money-mandating. See Ali-Bey v. United States, 169 Fed. Cl. at 734 ("The Thirteenth Amendment is not a money-mandating authority that provides jurisdiction."); Hashi v. United States, 162 Fed. Cl. 618, 620 (2022) ("[T]he Thirteenth Amendment is not money-mandating." (alteration added)); see also Starnes v. United States, 162 Fed. Cl. 468, 474 (2022) ("It is well-established that the Thirteenth Amendment does not mandate the payment of money from the United States."); Hebert v. United States, 114 Fed. Cl. 590, 595 (2014); Warren v. United States, 106 Fed. Cl. 507, 511 (2012); Pleasant–Bey v. United States, 99 Fed. Cl. 363, 367 (2011) ("[T]his court does not have jurisdiction over claims based on either the Thirteenth Amendment or Fourteenth Amendment because neither mandates the payment of money damages." (alteration added)), appeal dismissed, 464 F. App'x 879 (Fed. Cir. 2012). Therefore, the United States Court of Federal Claims does not have jurisdiction over plaintiff's Thirteenth Amendment claim.

Plaintiff also claims several violations of the Fifth Amendment to the United States Constitution. Plaintiff alleges that "the government's practice of income taxation, as applied, constitutes a taking without due process, exploiting labor for the benefit of the state." The United States Court of Appeals for the Federal Circuit definitively has held that the United States Court of Federal Claims does not possess jurisdiction to consider claims arising under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. See Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (concluding that the United States Court of Federal Claims has no jurisdiction over a due process violation under the Fifth and Fourteenth Amendments (citing LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995))); see also Jacobson v. United States, 179 F.4th 940, 946 (Fed. Cir. 2026) ("We have held that 'there is no jurisdiction under the Tucker Act over a Due Process claim unless [the claim] constitutes an illegal exaction,' which exists 'only if money has been "improperly exacted or retained" by the government.'" (alteration in original) (quoting Casa de Cambio Comdiv S.A., de C.V. v. United States, 291 F.3d 1356, 1363 (Fed. Cir. 2002) (quoting United States v. Testan, 424 U.S. at 401))); Smith v. United States, 709 F.3d at 1116 ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." (citing LeBlanc v. United States, 50 F.3d at 1028)); In re United States, 463 F.3d 1328, 1335 n.5 (Fed. Cir.) ("[B]ecause the Due Process Clause is not money-mandating, it may not provide the basis for jurisdiction under the Tucker Act."), reh'g and reh'g en banc denied (Fed. Cir. 2006), cert. denied sub nom. Scholl v. United States, 552 U.S. 940 (2007) (alteration added); Acadia Tech., Inc. & Global Win Tech., Ltd. v. United States, 458 F.3d 1327, 1334 (Fed. Cir. 2006); Collins v. United States, 67 F.3d 284, 288 (Fed. Cir.) ("[T]he due process clause does not obligate the government to pay money damages."), reh'g denied (Fed. Cir. 1995) (alteration added); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (finding that the Due Process clauses "do not trigger Tucker Act jurisdiction in the courts"); Murray v. United States, 817 F.2d 1580, 1583 (Fed. Cir. 1987) (noting that the Fifth Amendment Due Process clause does not include language mandating the payment of money damages); Cullerton v. United States, 180 Fed. Cl. 798,

804 (2026) ("First, to the extent Mr. Cullerton alleges a Fifth Amendment due process violation, '[t]he law is well settled that the Due Process clause[ ] of . . . the Fifth . . . Amendment[ ] do[es] not mandate the payment of money and thus do[es] not provide a cause of action under the Tucker Act.' Consequently, that claim must be dismissed." (alterations and omissions in original) (quoting Hitsman v. United States, 825 F. App'x 859, 862 (Fed. Cir. 2020) (quoting Smith v. United States, 709 F.3d at 1116))); Benavides v. United States, 180 Fed. Cl. 746, 749 (2026), aff'd, No. 2026-1533, 2026 WL 1084697 (Fed. Cir. Apr. 22, 2026) ("it is well-settled that the Due Process Clause does not mandate the payment of money within the meaning of the Tucker Act" (citing LeBlanc v. United States, 50 F.3d at 1028)); Barksdale v. United States, 174 Fed. Cl. 168, 175 (2024) ("Plaintiff alleges a Taking of his constitutional rights to due process and equal protection, over which this Court lacks jurisdiction."); Ali-Bey v. United States, 169 Fed. Cl. at 734; Vondrake v. United States, 141 Fed. Cl. 599, 602 (2019) (citing Smith v. United States, 709 F.3d at 1116). Plaintiff's due process claims, therefore, must be dismissed for lack of subject matter jurisdiction.

Plaintiff's amended complaint further alleges that a Fifth Amendment taking occurred when plaintiff "was subjected to federal income tax enforcement actions by the Internal Revenue Service" because "such enforcement constituted a taking of private property without just compensation." In its motion to dismiss plaintiff's amended complaint, defendant argues that plaintiff's takings claim must be dismissed because "Mr. Martin is not conceding the validity of the Government's actions," a prerequisite to filing a successful takings claim. Quoting Kennedy v. United States, 179 Fed. Cl. 426, 438 (2025), defendant correctly argues that "the courts have held that '[t]he lawful exercise of the government's taxing power does not amount to a taking.'" (alteration in defendant's brief).

The Takings Clause of the Fifth Amendment to the United States Constitution provides in pertinent part, "nor shall private property be taken for public use without just compensation." U.S. Const. amend. V. To succeed under a Fifth Amendment Takings Clause claim, a plaintiff must show that the government took a private property interest for public use without just compensation. See Dimare Fresh, Inc. v. United States, 808 F. 3d 1301, 1306 (Fed. Cir. 2015). In order to assert a valid takings claim, plaintiff's takings claim must meet certain criteria to assert and then demonstrate a claim takings claim. To succeed under a Fifth Amendment Takings Clause claim, a plaintiff has the burden of proof to demonstrate that the government took a private property interest for public use without just compensation. See City of Fresno v. United States, 124 F.4th 876, 895 (Fed. Cir. 2024); St. Bernard Par. Gov't v. United States, 887 F.3d 1354, 1362 (2018). To pursue a takings claim in the United States Court of Federal Claims, the plaintiff must "'concede the validity of the government action which is the basis of the taking claim to bring suit under the Tucker Act.'" Hearts Bluff Game Ranch, Inc. v. United States, 669 F.3d 1326, 1332 (Fed. Cir.) (quoting Tabb Lakes, Ltd. v. United States, 10 F.3d 796, 802 (Fed. Cir. 1993)), cert. denied, 567 U.S. 917 (2012). Plaintiff explicitly states that he "does not concede the validity" of the government action necessary for a valid Fifth Amendment takings claim in this court, and alleges that that "any compliance with governmental enforcement actions was undertaken under protest and to avoid further penalties, collection activity, or additional deprivation of property."

Moreover, although plaintiff attempts to characterize his case as a Fifth Amendment takings claim, his case does not qualify as one. According to Kennedy v. United States, 179 Fed. Cl. 426, "[t]he lawful exercise of the government's taxing power does not amount to a taking." Id. at 438 (alteration added) (citing U.S. Shoe Corp. v. United States, 296 F.3d 1378, 1383 (Fed. Cir. 2002); and Fry v. United States, 72 Fed. Cl. 500, 509 (2006)); see also Leber v. United States, 146 Fed. Cl. 9, 12 (2019) (A plaintiff's "claim alleging that the obligation to pay personal federal income tax effected a taking is subject to dismissal."); Lovett v. United States, 145 Fed. Cl. 175, 180 (2019) ("Because the Lovetts maintain that the government illegitimately collected income tax from them, the Court lacks jurisdiction to consider their claims pursuant to the Fifth Amendment."); Gregoline v. United States, 99 Fed Cl. 161, 168 (2011) (parenthetical omitted) (citing Fry v. United States, 72 Fed. Cl. at 509; and Skillo v. United States, 68 Fed. Cl. 734, 743 (2005)); Skillo v. United States, 68 Fed. Cl. at 743 ("'Taxes do indeed "take" income, but this is not the sense in which the Constitution uses "takings."'" (quoting Kerrigan v. United States, No. 96-484T, 1997 WL 685275, at *5 (Fed. Cl. Apr. 30, 1997))). Therefore, plaintiff's Takings claim must be dismissed for failure to state a claim.

**CONCLUSION**

For the reasons explained above, defendant's motion to dismiss plaintiff's amended complaint for lack of subject matter jurisdiction and for failure to state a claim is **GRANTED**. Plaintiff's amended complaint is **DISMISSED**. The Clerk's Office shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**